IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Deonte Steven Brown, ) | |
| ) | C.A. No. 5:21-1890-HMH-KDW |
| Petitioner, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Samuel Wise, Warden, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Kaymani D. West made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1]  Deonte Steven Brown ("Brown") is a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  (§ 2254 Pet., ECF No. 1.)  In her Report and Recommendation, Magistrate Judge West recommends granting Respondent's motion for summary judgment and dismissing Brown's petition.  (R&R, generally, ECF No. 18.)  For the reasons stated below, the court adopts the report and recommendation, grants Respondent's motion for summary judgment, and dismisses Brown's Petition.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

# I. FACTUAL AND PROCEDURAL BACKGROUND

In February 2013, Brown was indicted in South Carolina state court for attempted murder, possession of a firearm during the commission of a violent crime, and murder. (Return Ex. 4 (App. Vol. 2, Pt. 1, 631-79), ECF No. 11-4.) After a jury trial, Brown was convicted of all counts. (Id. Ex. 3 (App. Vol. 1, Pt. 3, 35), ECF No. 11-3.) Brown was sentenced to a total of 50 years' imprisonment. (Id. Ex. 3 (App. Vol. 1, Pt. 3, 48), ECF No. 11-3.) Brown did not file a direct appeal. (Id. Ex. 5 (App. Vol. 2, Pt. 2, 105), ECF No. 11-5.)

On July 15, 2015, Brown filed an application for Post-Conviction Relief ("PCR"). (Id. Ex. 4 (PCR Appl.), ECF No. 11-4.) In Brown's initial PCR application, he raised the following claims:

> 1. Ineffective Assistance of Counsel
>    a. [H]e never did investigate my case to the best of his ability;
>    b. [M]y attorney never had a pre-trial hearing for my case;
>    c. [M]y lawyer did not file for the notice of appeal;
> 2. Actual Conflict of Interest
>    a. Detective Lawrence[,] who was investigating the case[,] was in a sexual relationship with my co-defendant['s] mother[.] [The co-defendant] was [also] a possible suspect under investigation of this crime.

(Return Ex. 4 (PCR Appl. 83, 87-88), ECF No. 11-4.) Subsequently, Brown, with the assistance of counsel, amended his application to include the following additional allegations of ineffective assistance of counsel:

> a. Facts surrounding the original arrest of attempted murder and then enhanced to murder;
> b. Failure to adequately question Det. Christina Smith's testimony that she was able to ID client behind the muzzle flash;
> c. Video enhancement by SLED;
> d. Sequence of shooting;
> e. Failure to adequately present the possibility of two shooters;
> f. Failure to adequately present the issue of two people present with red shirts;

 g. Failure to adequately question regarding Gun Powder Residue test;
 h. Failure to properly investigate: Defendant said the shooter was Derrick Brown. Derrick Brown was not arrested or charged. Derrick Brown's mother was in a relationship with Detective Charles Lawrence. Witness Chavis Heyward originally said that he did not see anything. Two years later he testifies and identifies people on the video. The waitress at the restaurant gave a statement that she did not see anything. However, at trial she remembers seeing a gun come out of a red sleeve.
 i. Failure to talk to witnesses before trial. No analysis of the videos and no [p]rivate [i]nvestigator;
 j. Failure to have a suppression hearing regarding the videos;
 k. Failure to bring up the information regarding Detective Charles Lawrence and his relationship with Derrick Brown's mother;
 l. The Applicant did not testify based on bad advice from Defense Counsel;
 m. Defense Counsel had no theory of defense;
 n. There was a ten (10) year plea offer, which was not properly explained to the Applicant;
 o. Defense Counsel did not get closing argument because he put in a picture of shattered window as evidence;
 p. Defense attorney did not file an [a]ppeal[] after he told Applicant that he would;
 q. Applicant believes theory of transferred intent was improperly applied.

(Id. Ex. 4 (Amend. PCR Appl. 95-97), ECF No. 11-4.) An evidentiary hearing was held on August 3, 2017. (§ 2254 Pet. Ex. 1 (Order of Dismissal 1), ECF No. 1-1.) Brown was present and represented by counsel. (Id. Ex. 1 (Order of Dismissal 1), ECF No. 1-1.) The PCR court denied and dismissed Brown's PCR application and granted a belated appeal in a September 26, 2017 order. (Id. Ex. 1 (Order of Dismissal), ECF No. 1-1.) On November 30, 2018, Brown appealed the following issues in his Petition for Writ of Certiorari in the South Carolina Supreme Court:

 I. That Counsel was ineffective for his failure to interview Chavis Heyward and properly prepare for his testimony.

 II. That Counsel was ineffective for his failure to object to the use of Dario Teran's [statement] and [to] his statement being read into the record by the Solicitor.

    III. That Counsel was ineffective for his failure to show the prejudice and bias of the criminal investigator, where a potential suspect's [m]other was having a relationship with a lead detective of the case, Detective Lawrence.

    IV. That Counsel was ineffective for his failure to object to SLED video enhancement.

    V. That Counsel was ineffective for his failure to adequately advise the Petitioner regarding taking the stand and testifying.

(Return Ex. 6 (Pet. Cert. 4), ECF No. 11-6.) Brown also filed a Petition for a Writ of Certiorari pursuant to White v. State, 208 S.E.2d 35 (S.C. 1974), raising the following issues:

    I. The Court erred in allowing the testimony of Detective Barfield regarding the [s]tatements allegedly made by Chris Heyward under Rule 613(b).

    II. The Court erred in allowing the State to present frames from a video to the [j]ury in closing that were not introduced into evidence.

(Id. Ex. 8 (Br. Supp. Pet. Cert.), ECF No. 11-8.)

On April 19, 2019, the South Carolina Supreme Court transferred Petitioner's appeal to the South Carolina Court of Appeals ("Court of Appeals"). (Id. Ex. 12 (S.C. Supreme Ct. Order), ECF No. 11-12.) On October 7, 2020, the Court of Appeals granted the petition with respect to the belated appeal and denied certiorari on the remaining issues. (Id. Ex. 13 (S.C. Ct. App. Order), ECF No. 11-13.) After consideration of Brown's direct appeal issues, the court of appeals affirmed his convictions. (Id. Ex. 13 (S.C. Ct. App. Order), ECF No. 11-13.) Brown's petition for rehearing was denied on November 24, 2020. (Return Ex. 14 (Pet. Reh'g), ECF No. 11-14); (Return Ex. 15 (Order Denying Pet. Reh'g) ECF No. 11-15.) The remittitur was issued on June 30, 2021. (Id. Ex. 19 (Remittitur), ECF No. 11-19.) On June 21, 2021, Brown filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, raising the

4

following grounds for relief:

> **Ground One**: Trial counsel was ineffective for his failure to object to Dario Teran's statement being read into the record by the Solicitor.
>
> Supporting Facts: During trial, the State called Dario Teran to testify regarding the events of the evening in question. Teran had suffered a head injury that caused memory loss between the time of the incident and trial. Teran had provided a written statement at the scene after the incident. The solicitor was permitted to read Teran's statement aloud without objection from trial counsel. Trial counsel was ineffective in this regard, because the procedure followed at trial failed to comply with Rule 612, SCRE, and additionally because trial counsel did not appear to have reviewed the statement prior to its publication.
>
> **Ground Two:** Trial counsel failed to present an effective defense by not showing prejudice and bias of the investigator in this case.
>
> Supporting Facts: PCR counsel presented evidence that Detective Lawrence was engaged in a romantic relationship with the mother of a man named Derrick Brown, who was a suspect in this incident. Trial cousnel [sic] did not call this investigator/detective to the witness stand or cross-examine him about his relationship with Derrick Brown's mother. This evidence of Detective Lawrence's bias was critical to the Petitioner's defense, because Lawrence was mentioned by several other witnesses throughout Petitioner's trial. The PCR court's adjudication of this issue constituted an unreasonable application of the Strickland standard.

(§ 2254 Pet., ECF No. 1.) On August 25, 2021, Respondent filed a return and memorandum, along with a motion for summary judgment. (Return, ECF No. 11); (Mot. Summ. J., ECF No. 12.) On September 15, 2021, Brown submitted his response in opposition. (Resp. Opp'n, ECF No. 15.) On September 22, 2021, Respondent submitted a reply. (Reply, ECF No. 16.) On January 7, 2022, Magistrate Judge West issued a report and recommendation recommending that the court grant Respondent's motion for summary judgment and deny the petition. (R&R, generally, ECF No.18.) Both parties filed timely objections to the report and recommendation. (Brown's Objs., ECF No. 20); (Resp't Objs., ECF No. 19.) On February 4, 2022, Respondent

5

submitted a reply to Brown's objections. (Reply, ECF No. 21.) This matter is now ripe for review.

## II. Discussion of the Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. Cty. of Chesterfield, Va., 95 F.3d 1263, 1265 (4th Cir. 1996) (internal quotation marks and citation omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (internal quotation marks and citation omitted).

## B. Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d), an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. (quoting Williams, 529 U.S. at 410). In other words, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the

relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, the application must also be unreasonable." Williams, 529 U.S. at 410.

### C. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The United States Supreme Court has held that this right is violated when counsel retained by, or appointed to, a criminal defendant fails to provide adequate or effective legal assistance. See Strickland v. Washington, 466 U.S. 668, 686 (1984). Strickland established a two-prong test for a claim of ineffective assistance of counsel in violation of the Sixth Amendment, under which the criminal defendant must show deficient performance and resulting prejudice. Id. at 687. "The performance prong of Strickland requires a defendant to show 'that counsel's representation fell below an objective standard of reasonableness.'" Lafler v. Cooper, 566 U.S. 156, 163 (2012) (quoting Hill v. Lockhart, 474 U.S. 52, 57 (1985)).

"[C]ounsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment,'" and courts should indulge in a " 'strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.'" Burt v. Titlow, 571 U.S. 12, 22 (2013) (modifications omitted) (quoting Strickland, 466 U.S. at 689–90). "To establish Strickland prejudice a defendant must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Lafler, 566 U.S. at 163 (quoting Strickland, 466 U.S. at 694). "In assessing prejudice under Strickland, the question is

not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." Harrington v. Richter, 562 U.S. 86, 111 (2011) (citations omitted). Rather, "Strickland asks whether it is 'reasonably likely' the result would have been different." Id. (citing Strickland, 466 U.S. at 693). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

### D. Report and Recommendation

In her Report and Recommendation, Magistrate Judge West recommends granting Respondent's motion for summary judgment and dismissing Brown's Petition. (R&R, generally, ECF No. 18.) As to Brown's claim that his counsel was constitutionally ineffective for failing to object to Dario Teran's prior statement being read into the record, the magistrate judge concluded that this claim was not addressed by the PCR court. (Id. 26, ECF No. 18.) As a result, and because Respondent failed to raise the issue of procedural default, the magistrate judge recommends reviewing this issue de novo. (Id. 26, ECF No. 18.) After de novo review, the magistrate judge found that counsel was deficient for failing to object; however, this error did not result in any prejudice to Brown. (Id. 31-33, ECF No. 18.)

The magistrate judge, citing State v. Lindsay, 714 S.E.2d 554 (S.C. Ct. App. 2011), found that Brown's trial counsel was deficient for failing to object to Teran's statement being read into the record because the State had not established a proper foundation for the recorded recollection exception to the rule against hearsay under Rule 803(5) of the South Carolina Rules of Evidence. (Id. 30, ECF No. 18) (citing Lindsay, 714 S.E.2d at 557 (finding that the State

9

failed to establish a proper foundation, under Rule 803(5), to read a police officer's notes to the jury where there was no attempt to refresh the police officer's memory with the writing prior to reading the statement into the record)).

The magistrate judge concluded that Brown failed to show that he was prejudiced by his trial counsel's failure to object because even if trial counsel had objected to the statement being read into the record, it would not have changed the outcome. (R&R 33, ECF No. 18.) Specifically, the magistrate judge found that: (1) Brown did "not offer[] any argument or point[] to any caselaw to show the trial court would have declined to allow Teran's statement to be read to the jury if trial counsel had objected;" and (2) "Teran's statement was cumulative to other evidence in the record." (Id. 33, ECF No. 18.)

As to Brown's second claim, that his trial counsel was constitutionally ineffective for "fail[ing] to present an effective defense by not showing prejudice and bias of the investigator in the case," the magistrate judge recommends finding that Brown failed to show by clear and convincing evidence that the PCR court reached an unreasonable factual determination. The magistrate judge concluded that Brown's trial counsel was not deficient because: (1) he investigated the relationship; (2) Brown "failed to present any valid or credible information to prove the existence of the relationship or how it would have changed the outcome of the trial;" and (3) trial counsel's decision to focus on a defense based on the facts of the case "was a valid strategic[] decision." (Id. 35-37, ECF No. 18.)

### E. Objections

Both parties filed objections to the Report and Recommendation. (Brown's Objs., ECF No. 20); (Resp't Objs., ECF No. 19.) Objections to the Report and Recommendation must

be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

### 1. Respondent's Objections

While Respondent does not object to the magistrate judge's recommendation to grant summary judgment, Respondent raises two objections "in order that they may be preserved and considered by this Court or any appellate court." (Resp't Objs. 1, ECF No. 19.)

First, Respondent objects to the magistrate judge's de novo review of Brown's claim that his "trial counsel was ineffective for his failure to object to Dario Teran's statement being read into the record by the Solicitor," because the PCR court failed to address the claim in the PCR order. (Id. 1, ECF No. 19); (§ 2254 Pet. 6, ECF No .1); (R&R 26, ECF No. 18.)

Under the South Carolina Uniform Post-Conviction Procedure Act ("PCR Act"), an application for relief must include "[a]ll grounds for relief available to an applicant under [the PCR Act] must be raised in his original, supplemental or amended application." S.C. Code Ann. §17-27-90. "Because applicants are traditionally entitled to only one 'bite at the apple,' it is imperative that applicants raise all known issues in their original, supplemental, or amended applications." Love v. State, 834 S.E.2d 196, 199 (S.C. 2019). Brown raised at least nineteen (19) specific allegations of ineffective assistance of counsel in his initial and amended PCR applications. (Return Ex. 4 (PCR Appl. 83, 87-88), ECF No. 11-4); (Id. Ex. 4 (Amend. PCR

Appl. 95-96), ECF No. 11-4.) An ineffective assistance of counsel claim based on the Dario Teran statement being read into the record was not raised in either the initial or amended application.

However, "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." S.C. R. Civ. P. 15(b).[2] The PCR Court heard evidence and testimony that trial counsel's failure to object to Dario Teran's statement was ineffective assistance of counsel. (§ 2254 Pet. Ex.1 (Order of Dismissal 6, 10), ECF No. 1-1.) The State raised no objection to the PCR Court's consideration of this claim even though it was not raised in the PCR application. By failing to object, the State consented to the amendment of the PCR application to include this ineffective assistance of counsel claim.

The PCR Act provides that "[t]he court shall make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented." S.C. Code Ann.§ 17-27-80. While the PCR court's order briefly addressed the Dario Teran statement being read into the record during Brown's trial in the fact section, the order contains no specific findings of fact or conclusions of law with respect to this claim. (§ 2254 Pet. Ex. 1 (Order of Dismissal 6-7, 10), ECF No. 1-1.)

Respondent's argument that the PCR court's blanket statement that Brown's claims of ineffective assistance of counsel were "meritless and [] should be denied and dismissed with prejudice" is unavailing. (Id. Ex. 1 (Order of Dismissal 12), ECF No. 1-1). Respondent fails

---

[2] The South Carolina Rules of Civil Procedure apply in a PCR action to the extent the rules do not conflict with the PCR Act. See S.C. R. Civ. P. 71.1(a).

to acknowledge that immediately after that statement, the PCR court specifically addressed, in detail, other allegations of ineffective assistance of counsel, and the PCR court did not specifically address the ineffective assistance of counsel claim based on the Dario Teran statement.  See (Id. Ex. 1 (Order of Dismissal 12-27), ECF No. 1-1.)  Accordingly, this issue was not adjudicated on the merits.

Further, because Respondent failed to raise the affirmative defense of procedural default, the court must review this issue de novo.  See 28 U.S.C. § 2254(d) (deference applies only to cases decided on the merits); Plymail v. Mirandy, 8 F.4th 308, 316 (4th Cir. 2021) ("[W]hen the State fails to assert procedural default as a defense, it waives that argument, and we must consider the petitioner's unexhausted claim de novo."); Royal v. Taylor, 188 F.3d 239, 247 (4th Cir. 1999) ("Procedural default must be pled as an affirmative defense and the Commonwealth is 'obligated to raise procedural default as a defense, or [it will] lose the right to assert the defense thereafter.'" (quoting Gray v. Netherland, 518 U.S. 152, 166 (1996))).

Second, Respondent objects to the magistrate judge's conclusion that Brown's trial counsel was deficient for failing to object to Dario Teran's statement being read into the record because a proper foundation had not been presented.  (Resp't Objs. 2, ECF No. 19.)

"[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one," and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." Strickland, 466 U.S. at 697.  Consistent with

13

this approach, the court finds it unnecessary to address the performance prong with respect to this claim. The court will address the prejudice component in discussing Brown's objections below.

## 2. Brown's Objections

### a. Dario Teran Statement

Brown objects to the magistrate judge's finding that "Petitioner has not offered any argument or pointed to any caselaw to show the trial court would have declined to allow Teran's statement to be read to the jury if counsel had objected." (Brown's Objs. 1, ECF No. 20); (R&R 33, ECF No. 18.) Second, Brown objects to the magistrate judge's finding that "Petitioner is not entitled to relief because Dario Teran's testimony was cumulative." (Brown's Objs. 2, ECF No. 20); (R&R 33, ECF No. 18.) The court construes Brown's objections as an objection to the magistrate judge's finding that Brown suffered no prejudice when the Dario Teran statement was read into the record at trial.

Under Strickland, "[i]t is not enough for [a defendant] to show that the errors had some conceivable effect on the outcome of the proceeding," 466 U.S. at 693, and "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently," Harrington, 562 U.S. at 111. Instead, "Strickland asks whether it is 'reasonably likely' the result would have been different." Id. Further, the "likelihood of a different result must be substantial, not just conceivable." Id. at 111-12. Brown must demonstrate that there is a reasonable probability, "sufficient to undermine confidence in the outcome," that, absent the error, the result of the trial would have been different. Strickland 466 U.S. at 694.

Brown asserts that his "[t]rial counsel was ineffective for his failure to object to Dario Teran's ("Teran") statement being read into the record by the Solicitor." (§ 2254 Pet. 5, ECF No. 1.) The State called Teran to testify at Brown's trial. According to the trial testimony, Teran was eating at the Waffle House when the altercation and shooting occurred. (Return Ex. 2 (App. Vol. 1, Pt. 2, 16), ECF No. 11-2.) Teran indicated that some time after this incident, he suffered a head injury in a motorcycle accident, and that his memory of the incident was "kind of blurry," and "not 100 percent." (Id. Ex. 2 (App. Vol. 1, Pt. 2, 17-18), ECF No. 11-2.) The State sought to refresh Teran's recollection by having him review a signed statement that he had provided to law enforcement on the night of the incident. (Id. Ex. 2 (App. Vol. 1, Pt. 2, 17, 19), ECF No. 11-2.)

Outside the presence of the jury, the State informed the trial court that it wished to read the statement to the jury pursuant to the recorded recollection exception to the rule against hearsay contained in Rule 803(5) of the South Carolina Rule of Evidence. (Id. Ex. 2 (App. Vol. 1, Pt. 2, 19), ECF No. 11-2.) The trial court confirmed with Teran that the document presented by the State was his statement and that it contained his signature. (Id. Ex. 2 (App. Vol. 1, Pt. 2, 19), ECF No. 11-2.) When Brown's counsel was asked if he had anything to add, he did not object and stated that he "believe[d] it fit[] the exception." (Return Ex. 2 (App. Vol. 1, Pt. 2, 20), ECF No. 11-2.) The trial court agreed and allowed the statement to be read into the record. (Id. Ex. 2 (App. Vol. 1, Pt. 2, 19, ECF No. 11-2.)

The trial court specifically found that the State had properly presented a foundation "that [Teran] doesn't have a good memory of it because of the motorcycle accident and head

15

injury . . . ." (Id. Ex. 2 (App. Vol. 1, Pt. 2, 21), ECF No. 11-2.) This factual finding is "presumed to be correct." 28 U.S.C. § 2254(e)(1).

Further, there is no argument that the underlying evidence was inadmissible. Instead, Brown argues that "[t]he Solicitor failed to adequately establish that the statement was admissible under [Rule 803(5)], which requires that the witness have 'insufficient recollection' of the events in question." (Resp. Opp'n Summ. J. 22, ECF No. 15.) Brown also argues that "the procedure for refreshing a witness' recollection, under Rule 612 . . . was not followed." (Resp. Opp'n Summ. J. 22 n.7, ECF No. 15.)

Rule 803(5) sets forth the recorded recollection exception to the rule against hearsay:

> A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness' memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.

Teran testified multiple times, prior to the statement being read into the record, that his memory of that night was impaired. (Return Ex. 2 (App. Vol. 1, Pt. 2, 17-19), ECF No. 11-2.) The State was certainly entitled to have him read his statement to refresh his memory under Rule 612 of the South Carolina Rules of Evidence.[3] Additionally, Teran testified that he prepared the statement on the night of the incident, and he confirmed his signature. (Id. Ex. 2 (App. Vol. 1, Pt. 2, 17-20), ECF No. 11-2.) Further, the trial judge found that a foundation had

---

[3] "If a witnesses uses a writing to refresh memory for the purpose of testifying, . . . while testifying, . . . an adverse party is entitled to have the writing produced at the hearing, to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness . . . ." S.C. R. Evid. 612.

16

been presented, under the South Carolina Rules of Evidence, to read the statement to the jury. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. Mcguire, 502 U.S. 62, 67-68 (1991).

Accordingly, the evidence would have been admitted regardless of whether Brown's trial counsel objected.[4] If trial counsel had objected to the reading of Teran's statement to the jury on the basis that no attempt had been made to refresh his recollection under Rule 612, Teran would have either had his memory refreshed by reading the statement, or his memory would not have been refreshed, and the State would have been permitted to read the statement to the jury under Rule 803(5).

Therefore, even if Brown's trial counsel was deficient for failing to object, this error did not result in any prejudice. As a result, Brown has failed to show that this error was so serious as to "undermine confidence in the outcome" of the proceeding. Strickland, 466 U.S. at 694.

### b. Failure to Present Effective Defense

Brown objects to the magistrate judge's "failure to address Petitioner's argument that the PCR court applied the improper standard in its Strickland analysis" in regard to his second ground for relief. (Brown's Objs. 5, ECF No. 20); (R&R 37, ECF No. 18.) Brown's second ineffective assistance of counsel claim alleges that his "[t]rial counsel failed to present an effective defense by not showing prejudice and bias of the investigator in this case." (§ 2254 Pet., ECF No. 1.) In support of this claim, Brown asserts that

> PCR counsel presented evidence that Detective Lawrence was engaged in a romantic relationship with the mother of a man named Derrick Brown, who was a suspect in

---

[4] Having found no prejudice, the court finds it unnecessary to address Brown's objection to the magistrate judge's finding that Teran's testimony was cumulative to the other evidence in the record. (Brown's Objs. 2, ECF No. 20.)

17

> this incident. Trial cousnel [sic] did not call this investigator/detective to the witness stand or cross-examine him about his relationship with Derrick Brown's mother. This evidence of Detective Lawrence's bias was critical to the Petitioner's defense, because Lawrence was mentioned by several other witnesses throughout Petitioner's trial. The PCR court's adjudication of this issue constituted an unreasonable application of the Strickland standard.

(§2254 Pet., ECF No.1). In his response in opposition to the Respondent's motion for summary judgment, Brown argued that the PCR court misapplied the prejudice prong under Strickland in finding that "the State's evidence . . . was clearly enough to result in a conviction." (Brown's Objs. 5-6, ECF No. 20); (Resp. Opp'n 25-26, ECF No. 15.) As an initial matter, the court notes that the PCR court found that Brown failed to satisfy either prong of the Strickland standard:

> This court . . . finds no resulting prejudice from the failure of this alleged relationship to be presented to the jury because the State's evidence against Applicant was clearly enough to result in a conviction. Accordingly, Applicant has failed to meet his burden of proving **either** prong of the Strickland test and this allegation is denied and dismissed with prejudice.

(§ 2254 Pet. Ex. 1 (Order of Dismissal 22), ECF No. 1-1) (emphasis added). The PCR court specifically found that Brown's trial counsel was not deficient because he "could not have used any accusation of this alleged relationship at trial in any admissible fashion, and [Brown] [] failed to prove that he should have called Detective Lawrence as a witness to present a far-fetched conspiracy defense when he chose instead to properly focus on a defense based upon the facts of the case." (Id. Ex. 1 (Order of Dismissal 22), ECF No. 1-1.)[5] Therefore, the PCR court's decision was not based on an inaccurate or unreasonable application of Strickland. Accordingly, Brown's objection is without merit.

---

[5] The magistrate judge also thoroughly examined Brown's argument that the PCR Court applied the improper standard under Strickland. (R&R 35-39, ECF No. 18.)

## III. CONCLUSION

Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge West's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that Respondent's motion for summary judgment, docket number 12, is granted. It is further

**ORDERED** that Brown's § 2254 petition, docket number 1, is dismissed with prejudice. It is further

**ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/ Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
February 16, 2022